UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VADIM ZAVORIN,

                Petitioner,

     v.

CAMMILLA WAMSLEY et al.,

                Respondents.

CASE NO. 2:26-cv-00173-DGE

ORDER ON MOTION FOR
ATTORNEY FEES (DKT. NO. 10)

     Before the Court is Petitioner Vadim Zavorin's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Dkt. No. 10.)  Respondents oppose Petitioner's motion to the extent it seeks fees "calculated using vague entries and time entries billed in half hour increments."  (Dkt. No. 11 at 2.)

     Under the EAJA, the Court must award attorney fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The EAJA creates a presumption that fees will be awarded to a prevailing party.  *Flores v. Shalala*, 49 F.3d 562, 567

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 10) - 1

(9th Cir. 1995); *Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995).  The Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Attorney fees under EAJA must be reasonable.  28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Because this Court granted Petitioner's petition for writ of habeas corpus and ordered him released from custody, Petitioner is a prevailing party.  (Dkt. No. 8 at 11); *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (holding a litigant is a prevailing party if they both (1) achieve a material alteration in the legal relationship of the parties; and (2) the alteration is judicially sanctioned); *Buckhannon Bd. And Care Home Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (holding a prevailing party is one who was awarded at least some relief by the court).  The Court's finding, that the government failed to follow its own procedures for revocation of parole, indicates that Respondents' position was not substantially justified.  (*See* Dkt. No. 8 at 9.)  Furthermore, "[i]t is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).  Respondents do not argue that the government's position was justified.  (*See* Dkt. No. 11.)  Therefore, under these circumstances, the Court finds fees should be awarded.

Petitioner is entitled to "reasonable" fees.  28 U.S.C. § 2412(d)(2)(A).  Hourly rates are reasonable where they are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  The fee applicant bears the burden of proving reasonableness.  28

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 10) - 2

U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S.at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

Petitioner applies for an award of $6,073.81, which represents compensation for the time his lawyer, Mr. Stephen Robbins, spent on this matter, totaling 23.5 hours of attorney work. (Dkt. No. 10-1.)  Mr. Robbins's hourly rate is $258.46.  (Dkt. No. 10 at 3.)  Thus, Mr. Robbins's hourly rate is the statutory maximum hourly rate under EAJA.  (*Id.*; *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 18, 2026).  Respondents do not object to the reasonableness of the hourly rate, but instead contend Mr. Robbins's billing record "suffers from insufficiently descriptive entries and the use of large time increments."  (Dkt. No. 11 at 2.)  To account for the use of half-hour increments, Respondents ask the Court to apply at least a 20 percent reduction to the hours billed, and a 1.2-hour reduction "for vague billing descriptions."  (*Id.* at 3.)

The fee applicant bears the burden of documenting the number of hours expended in litigation and must submit evidence in support of those hours worked.  *Hensley,* 461 U.S. at 434; *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992).  A fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably expended.  *Hensley,* 461 U.S. at 437.  Fee applicants who fail to meet this burden do so at their own peril.  Where billing records are lacking in detail, or where time entries are entered in large time increments, a court may reduce the fee to a reasonable amount.  *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948–949 (9th Cir. 2007) (district court reasonably concluded that a law firm's "practice of billing by the quarter-hour resulted in a request for excessive hours"); *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 10) - 3

hours to offset "poorly documented" billing). Courts in this circuit have generally applied a percent reduction for billing in quarter-hour increments. *See Welch*, 480 F.3d at 948–949 (reducing award by 20 percent for quarter-hour billing); *Harris v. Trash Man, LLC,* No. CIV. 12-00169 HG-KSC, 2013 WL 1932715, at *4 (D. Haw. Apr. 16, 2013*)* (reducing award by 10 percent for quarter-hour billing), *report and recommendation adopted,* No. CIV. 12-00169 HG-KSC, 2013 WL 1932710 (D. Haw. May 7, 2013); *Robinson v. Plourde,* 717 F.Supp.2d 1092, 1100–1101 (D. Haw. 2010) (applying a 20 percent reduction for billing in quarter-hour increments).

A review of Mr. Robbins's claimed hours shows that he used .5-hour billing increments instead of the more accurate .10-hour increment, which suggests that the hours billed are excessive. The bulk of Mr. Robbins's time sheets are comprised of entries billed in half-hour and full hour increments, with many entries spanning multiple hours, and with the description for each entry lacking in any amount of specificity. For example, one of Mr. Robbins's entries states "Finalizing and filing of initial habeas petition" for three hours, (Dkt. No. 10-1 at 1), but certainly Mr. Robbins did not sit at his desk for three hours straight finalizing and filing the petition, and he certainly could have described his work for this three-hour period with more specificity. In another time entry, Mr. Robbins billed 1.5 hours for "Communication with Client/Family." (*Id.*) These descriptions are vague and render it difficult for the Court to determine what the timekeeper was actually doing. *Cf. Santiago v. Equable Ascent Fin.,* No. C 11-3158 CRB, 2013 WL 3498079, at *6 (N.D. Cal. July 12, 2013) ("the work billed for unnamed drafts and telephone calls with unknown parties is too vague to be reviewed").

The Court finds that the requested number of hours should be reduced by 20 percent, from 23.5 hours to 18.8 hours to account for both the use of the large time increments and the

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 10) - 4

vague time entries.  Applying the statutory hourly rate pursuant to the EAJA, Petitioner is entitled to $4,859.05.

It is hereby ORDERED that fees in the amount of $4,859.05 shall be awarded to Petitioner pursuant to the EAJA.  Petitioner assigned his EAJA fee award to his attorney in the fee agreement.  (Dkt. No. 10-2 at 1.)  Accordingly, attorney fees in the amount of $4,859.05 will be paid to Petitioner's attorney, subject to verification that Petitioner does not have a debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If Petitioner has no such debt, then the check shall be made out to Petitioner's attorney: Stephen C. Robbins at Robbins Law, PLLC, 6 South 2nd Street, Ste. 1002, Yakima, WA 98901.  If Petitioner has a debt, then the check for any remaining funds after offset of the debt shall be made out to Petitioner and mailed to Petitioner's attorney's office.

Dated this 31st day of March, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 10) - 5